# TIFFANY & BOSCO
### P.A.

**2525 EAST CAMELBACK ROAD**
**THIRD FLOOR**
**PHOENIX, ARIZONA 85016**
**TELEPHONE: (602) 255-6000**
**FACSIMILE: (602) 255-0192**

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

09-23078

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE:<br><br>Gregory Scott Buce<br>   Debtor.<br>_____<br>The Bank of New York Mellon, fka The Bank of New York as Successor in interest to JP Morgan Chase Bank NA as Trustee for Structured Asset Mortgage Investments II Inc. Bear Stearns ALT-A Trust 2005-3, Mortgage Pass-Through Certificates, Series 2005-3<br><br>   Movant,<br>vs.<br><br>Gregory Scott Buce, Debtor; Russell A. Brown, Trustee.<br><br>   Respondents. | No. 2:09-bk-17453-SSC<br><br>Chapter 13<br><br>MOVANT'S MOTION TO LIFT<br>THE AUTOMATIC BANKRUPTCY STAY<br><br>RE: Real Property Located at<br>   10871 W. Sands Dr.<br>   Sun City, AZ 85373 |

   Movant hereby requests an order granting relief from the automatic stay of 11 U.S.C. 362(a), and to permit Movant to foreclose the lien of its Deed of Trust on real property owned by Debtor, by trustee's

sale, judicial foreclosure proceedings or the exercise of the power of sale, and to obtain possession and control of the real property.

This motion is supported by the attached Memorandum of Points and Authorities, which is incorporated herein by this reference.

DATED this 8th day of January, 2010.

Respectfully submitted,

TIFFANY & BOSCO, P.A.

BY  /s/ MSB # 010167
Mark S. Bosco
Leonard J. McDonald
Attorney for Movant

## **MEMORANDUM OF POINTS AND AUTHORITIES**

1. Gregory Scott Buce filed a voluntary petition for protection under Chapter 13 of the Bankruptcy Code. Russell A. Brown was appointed Trustee of the bankruptcy estate.

2. Debtor Debtor has certain real property located in Maricopa County, Arizona, more particularly described as:

Lot 42, DEERVALLEY RANCH, according to Book 452, of Maps, Page 42, and Affidavit of Correction recorded September 18, 1998 in Recording No., 98-0832272, records of Maricopa County, Arizona.

3. Debtor executed a Note secured by a Deed of Trust, dated December 2, 2004, recorded in the office of the Maricopa County Recorder's Office. True copies of the Note and Deed of Trust are annexed as Exhibits "A" and "B", respectively, and made a part hereof by this reference. Further, Movant is the assignee of the Deed of Trust. The assignment of record is annexed as Exhibit "C".

4. By virtue of the Note and Deed of Trust, Movant has a secured interest in the property described herein and a secured claim against Debtor. Movant may seek leave of Court to specify any further encumbrances against the Property at the time of the Preliminary and/ or Final Hearing hereon.

5. Debtor is in default on the obligation to Movant for which the property is security, and payments are due under the Promissory Note from and after January 1, 2009. Post-petition payments are due as follows:

| | |
|---|---:|
| 5 Late Charge(s) at $31.52 | $157.60 |
| (August 1, 2009 - December 1, 2009) | |
| 6 Monthly Payments(s) at $796.64 | $4,779.84 |
| (August 1, 2009 - January 1, 2010) | |
| Motion for Relief Filing Fee | $150.00 |
| Attorneys Fees | $800.00 |
| Total | $5,887.44 |

Furthermore, each subsequent payment becomes on the 1st day of every month thereafter, and a late charge becomes due on any payment not paid within fifteen (15) days from the date the monthly payment is due.

6. Debtor is indebted to The Bank of New York Mellon, fka The Bank of New York as Successor in interest to JP Morgan Chase Bank NA as Trustee for Structured Asset Mortgage Investments II Inc. Bear Stearns ALT-A Trust 2005-3, Mortgage Pass-Through Certificates, Series 2005-3 for the principal balance in the amount of $131,548.11, plus accruing interest, costs, and attorneys fees.

7. Further, Movant seeks relief for the purpose of foreclosing its Deed of Trust against the Debtor's interest in the real property located at 10871 W. Sands Dr., Sun City, AZ. The Movant further seeks relief in order to contact the Debtor by telephone or written correspondence regarding a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and may enter into such agreement with Debtors. However, Movant may not enforce, or threaten to enforce, any personal liability against Debtors if Debtors' personal liability is discharged in this bankruptcy case.

8. Pursuant to the Note and Deed of Trust Movant is allowed to request this court to grant reasonable attorney's fees and costs and allowing payment of Movant's attorney's fees and costs pursuant to 11 U.S.C. Section 506(b) which state as follows:

To the extent that an allowed secured claim is secured by property value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim and any reasonable fees/costs, or charges provided for under the agreement which such claim arose.

## **CONCLUSION**

Movant requests that the court enter an order vacating the automatic stay of 11 U.S.C. Section 362(a) and Movant may immediately enforce and implement the order for relief from the automatic stay as to the debtor their bankruptcy estate, the property, and Movant; to allow Movant to foreclose the lien of its Deed of Trust or Mortgage; to evict debtors and/or successors of debtor and to obtain ownership, possession and control of the Property.

DATED this 8th day of January, 2010.

BY  /s/ MSB # 010167
    Mark S. Bosco
    Leonard J. McDonald
    2525 East Camelback Road
    Ste. 300
    Phoenix, Arizona 85016
    Attorneys for Movant